IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION


MICHAEL GOODWIN,                          )     CASE NO.  1:99CV2963
                                          )
        Petitioner,                       )
                                          )
vs.                                       )     Judge Dan Aaron Polster[1]
                                          )
DAVID JOHNSON, WARDEN,                    )
                                          )
        Respondent.                       )     <u>ORDER</u>


        Pursuant to Fed. R. App. P. 22(b) and 28 U.S.C. § 2253(c), the Court hereby issues this

Order as an addendum to the previous Memorandum of Opinion dated March 22, 2006 (Docket

No. 78).  This Order provides reasons for the denying the Petitioner a certificate of appealability

("COA") as to all issues on which he did not prevail.

        On June 12, 2000, Michael Goodwin, petitioner, filed a petition for writ of habeas corpus

pursuant to 28 U.S.C. § 2254.  He challenged his convictions for aggravated murder with prior

calculation and aggravated felony murder, aggravated robbery, and possession of a firearm while

---

[1]     This case originally was assigned to Judge John M. Manos, who passed away on July 6, 2006.  Pursuant to the protocol adopted by the judges of this Court in General Order 2006-21, this case has been reassigned to Judge Dan Aaron Polster.

under disability.  He also challenged his sentence of death imposed on the aggravated murder counts by the Court of Common Pleas for Cuyahoga County, Ohio, which was imposed following a jury recommendation.  He asserted twelve grounds for relief.

On March 22, 2006, the Court granted the petition with respect to part of the Petitioner's First Ground for Relief (ineffective assistance of counsel during the penalty phase) and vacated the death sentence.  The Court denied the petition in all other respects, thereby affirming his convictions.  Without a detailed analysis, the Court denied the Petitioner a COA as to all issues on which he did not prevail.

An appeal may not be taken from a final order in a habeas corpus proceeding unless a circuit justice or judge issues a COA.  28 U.S.C. § 2253(c)(1).  The district court need not wait for a petitioner to file a motion before ruling on the COA.  Castro v. United States, 310 F.3d 900, 901 (6th Cir. 2002).  In addition, neither a blanket grant nor a blanket denial of a COA is appropriate in a capital case.  Frazier v. Huffman, 343 F.3d 780, 788 (6th Cir. 2003), cert. denied, 541 U.S. 1095 (2004); Murphy v. Ohio, 263 F.3d 466, 467 (6th Cir. 2001); Porterfield v. Bell, 258 F.3d 484, 487 (6th Cir. 2001).  The COA should indicate which specific issues satisfy the requisite showing.  Powell v. Collins, 332 F.3d 376, 389 (6th Cir. 2003).

A COA may issue if the applicant has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  Such a showing is made upon demonstrating that:

> reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'

Slack v. McDaniel, 529 U.S. 473, 483-84 (2000), quoting, Barefoot v. Estelle, 463 U.S. 880, 893 n. 4 (1983).  When, as here, the claims are not procedurally defaulted, the habeas court need only

determine whether reasonable jurists would find the district court's decision "debatable or wrong".  Slack, 529 U.S. at 484.

The Petitioner did not prevail on portions of his First Ground for Relief, as well as his Second through Twelfth Grounds for Relief.  (See Court's Memorandum of Opinion, March 22, 2006, at 22-31.)  The Court concludes that no reasonable jurists could find the previous decision to be debatable or wrong as to these claims.

In his Second Ground for Relief, the Petitioner asserts that his counsel provided ineffective assistance during the guilt phase of his trial by conceding guilt in order to focus upon the penalty phase.  As part of such concession, counsel allegedly conceded even the death penalty specifications.  As detailed in the Court's previous opinion, the Petitioner's argument mischaracterizes the record.  His counsel conceded only involvement in the underlying robbery, about which the evidence was overwhelming, but counsel never conceded the death penalty specifications.

In his Third and Fourth Grounds for Relief, the Petitioner claims that the jury (pursuant to the jury instructions) and the trial court unconstitutionally weighed the aggravating circumstances against the mitigating circumstances. Relatedly, as part of his First Ground for Relief, the Petitioner alleges that his counsel provided ineffective assistance by not objecting to the erroneous jury instructions.  As detailed in the previous opinion, any purported errors were cured by the statutorily-mandated independent review by the Eight Appellate District Court and the Ohio Supreme Court.  See O.R.C. § 2929.05.

On direct appeal, both the state appellate court and the Ohio Supreme Court agreed with the Petitioner that the trial court erred in grouping aggravating circumstances across separate

-3-

counts of aggravated murder.  However, O.R.C. § 2929.05 provides that on direct appeal of a

death sentence, the state appellate court and the Ohio Supreme Court:

> shall review and independently weigh all of the facts and other evidence
> disclosed in the record in the case and consider the offense and the
> offender to determine whether the aggravating circumstances the offender
> was found guilty of committing outweigh the mitigating factors in the
> case, and whether the sentence of death is appropriate.

Such an independent review occurred, and the Petitioner has not asserted any specific errors by

the superior state courts in their analysis.  In addition, as noted by the state courts, the

aggravating circumstance in both murder counts was the same, so grouping the counts together

did not prejudice the Petitioner.

In his Fifth Ground for Relief, the Petitioner asserts that his constitutional rights were

violated due to prosecutorial misconduct when the prosecutor allegedly made improper remarks

at various points during the trial.  Relatedly, as part of his First and Second Grounds for Relief,

the Petitioner alleges that his counsel provided ineffective assistance by not objecting to the

purported misconduct.  As detailed in the Court's previous opinion, no misconduct occurred.

The Court first determined whether each of the challenged comments was improper, and if so,

then determined whether any improper comments were flagrant under the four-factor test

mandated by the Sixth Circuit.  See Boyle v. Million, 201 F.3d 711, 717 (6th Cir. 2000); United

States v. Francis, 170 F.3d 546, 549-50 (6th Cir. 1999), both citing, United States v. Carroll, 26

F.3d 1380, 1385-86 (6th Cir. 1994).

The alleged improper comments were isolated and of little weight when compared to the

strength of the evidence against the Petitioner.  The comments mostly were brief

characterizations of the victim and Petitioner made during closing argument, and were well

within the latitude typically afforded attorney argument.  Accordingly, the comments at issue were neither improper nor flagrant.

In his Sixth Ground for Relief, the Petitioner asserts that his constitutional rights were violated when the trial court permitted certain jurors to hear the case.  One juror indicated that she  had a "problem seeing blood", and the evidence was to include gruesome photographs.  A second juror indicated that he was dissatisfied with the sentence given to a man convicted of molesting his daughter, and he generally expressed a favorable opinion of capital punishment.  Both jurors claimed they could still be fair.   As part of his Second Ground for Relief, the Petitioner alleges that his counsel provided ineffective assistance by not moving to dismiss these jurors for cause, nor exercising peremptory challenges.

In a capital case, jurors cannot be expected to be completely neutral on something as controversial as the death penalty.  Accordingly, jurors should be removed only if they either never would, or automatically would, impose the death penalty upon a finding of guilt.  Morgan v. Illinois, 504 U.S. 719, 728 (1992), citing, Wainwright v. Witt, 469 U.S. 412, 424 (1985).  With respect to the first juror, the aversion to blood stemmed from merely being squeamish and did not present a bias toward either side in particular.  Indeed, it was the prosecution who sought to exclude her for cause.  With respect to the second juror, as detailed in this Court's previous opinion, many of his answers demonstrated his ability to be fair.  He disavowed an "eye for an eye" philosophy and expressed a willingness to impose a life sentence if required by law.  Accordingly, nothing stated during voir dire demonstrates that either of the challenged jurors was impaired in fulfilling the juror oath to be fair and impartial.

-5-

In his Seventh Ground for Relief, the Petitioner asserts that his constitutional rights were violated when the trial court considered the request of the victim's family for imposition of the death penalty.  No family members actually testified before the jury during the penalty phase of trial, nor before the trial judge at the final sentencing hearing.  Rather, the prosecution merely told the trial judge during the final hearing that the victim's brother agreed with the jury verdict and the recommendation of the death sentence.

States constitutionally may permit evidence in a capital case regarding the impact upon a victim or his family.  <u>Payne v. Tennessee</u>, 501 U.S. 808, 827 (1991).  However, opinions by the victim's family regarding the crime and appropriate sentence are impermissible.  <u>Id</u>. at 830 n. 2, <u>citing</u>, <u>Booth v. Maryland</u>, 482 U.S. 496 (1987).  To the extent the prosecutor's statement was impermissible, any error was harmless and the Petitioner was not prejudiced.  The jury never heard the opinion of the victim's brother, and the trial judge did not rely upon the opinion in his memorandum providing the bases for the death sentence.  In addition, the state appellate and Ohio Supreme Courts cured any purported error in their independent review pursuant to O.R.C. § 2929.05.

In his Eighth Ground for Relief, the Petitioner asserts that his constitutional rights were violated because his conviction stemmed from insufficient evidence.  Specifically, he asserts that the evidence was insufficient for a jury to conclude that the killing occurred pursuant to a deliberate plan, and thus was not perpetrated with prior calculation and design.   In a federal habeas proceeding, relief for insufficient evidence is warranted only if, viewing the evidence in the light most favorable to the prosecution, no reasonable trier of fact could have found proof beyond a reasonable doubt.  <u>Jackson v. Virginia</u>, 443 U.S. 307, 324 (1979); <u>Gall v. Parker</u>, 231

F.3d 265, 286 (6th Cir. 2000), cert. denied, 121 S. Ct. 2577 (2001); Scott v. Mitchell, 209 F.3d 854, 885 (6th Cir.), cert. denied, 531 U.S. 1021 (2000).  In determining the sufficiency of the evidence, substantial deference is given to the decisions of the trial court.  Seymour v. Walker, 224 F.3d 542, 553 (6th Cir. 2000), cert. denied, 121 S. Ct. 1643 (2001).

As detailed in the Court's previous opinion, the Petitioner simply mischaracterizes the evidence at trial.  The evidence showed that the Petitioner placed a gun to the forehead of a cooperative and unresisting store clerk, at which time he pulled the trigger.  Afterward, the Petitioner did not flee the store, but rather placed the gun to the head of the other clerk and continued robbing the store. The Petitioner clearly planned the robbery, and the murder was used to further his plan. This was not a spur-of-the-moment accidental shooting on the part of a robber. Sufficient time and reflection was involved to provide the necessary thought processes that the law requires for a finding of prior calculation and design.

In his Ninth, Tenth, and Eleventh Grounds for Relief, the Petitioner asserts that his constitutional rights were violated due to improper jury instructions.  The Petitioner claims: (1) the definition of reasonable doubt was erroneous (Ninth Ground); (2) the definition of "cause" improperly permitted the jury to convict the Petitioner based upon a negligence standard (Tenth Ground); and (3) the trial court improperly did not instruct the jury on the lesser included offense of involuntary manslaughter (Eleventh Ground).   In addition, as part of his Second Ground for Relief, the Petitioner alleges that his counsel provided ineffective assistance by not objecting to these jury instructions.

As stated in the Court's previous opinion, with respect to reasonable doubt, the trial court read Ohio's statutory definition contained in O.R.C. § 2901.05(D), which has been upheld as

constitutional.  See, e.g., Thomas v. Arn, 704 F.2d 865, 869 (6th Cir. 1983).  In addition, the

Court agrees with the state courts' assessment that, viewed in context of the entire jury

instructions, the definition of "cause" did not impose a negligence standard for guilt, and thus

was not constitutionally infirm.  With respect to the lesser included offense of involuntary

manslaughter, such an instruction was unwarranted for the same reasons there is sufficient

evidence of prior calculation and design.  This Court agrees with the state courts that under these

circumstances, the trial court was justified in not instructing the jury on involuntary

manslaughter.

In his Twelfth Ground for Relief, the Petitioner asserts that Ohio's death penalty statute

is unconstitutional generally.  The Sixth Circuit has rejected comparable arguments on several

occasions.  See, e.g., Buell v. Mitchell, 274 F.3d 337, 367-68 (6th Cir. 2001); Greer v. Mitchell,

264 F.3d 663, 690-91 (6th Cir. 2001); Coleman v. Mitchell, 268 F.3d 417, 440-44 (6th Cir.

2001), cert. denied, 535 U.S. 1031 (2002).  The Petitioner presents no grounds for invalidating

the statute in view of this controlling authority.

For the foregoing reasons, the Court concludes that no reasonable jurists could find the

previous decision to be debatable or wrong as to all issues on which the Petitioner did not

prevail.  Accordingly, a certificate of appealability is denied.

IT IS SO ORDERED.


Issued:                                               s/ Judge Dan Aaron Polster 7/21/06
                                                      UNITED STATES DISTRICT JUDGE


-8-